IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AHMID ABDULLAH SHAREF-MOHAMED,

Petitioner,

vs.

RESPONDENT WARDEN OF DAKOTA
COUNTY JAIL, in their official capacity as
Warden of Dakota County Jail; TODD LYONS,
in his official capacity as Acting Director of
Immigration and Custom Enforcement; KRISTI
NOEM, in her official capacity as Secretary of
the United States Department of Homeland
Security; and PAMELA BONDI, in her official
capacity as Attorney General of the United
States,

Respondents.

4:26CV3086

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, filed March 13, 2026, and assigned to the undersigned on March 16, 2026, Petitioner Ahmid Abdullah Sharef-Mohamed, an alien who is a citizen of Sudan, challenges his detention by Immigration and Customs Enforcement (ICE) at the Dakota County Jail in Dakota City, Nebraska. Filing 1 at 2 (¶ 7), 4 (¶ 24). In his Petition for Writ of Habeas Corpus, he asserts that the Department of Homeland Security (DHS) "is holding him under the wrong statutory authority—purporting to treat him as an 'arriving alien' detained under 8 U.S.C. § 1225—and has failed to provide the individualized bond hearing that both Congress and the Constitution require" because his "circumstances place him under 8 U.S.C. § 1226, not § 1225. . . ." Filing 1 at 2 (¶ 8).

Somewhat more specifically, Sharef-Mohamed asserts two claims for relief. In Count I, he asserts a claim entitled "Unlawful Detention Under the Immigration and Nationality Act (8 U.S.C. § 1226): Petitioner's Detention Is Governed by 8 U.S.C. § 1226, Not § 1225, and the Denial of a Bond Hearing Violates the INA." Filing 1 at 9. In support of that claim, he alleges that "[h]e is not

1

an 'arriving' outsider at the border—he is an individual who has lived in the U.S. for an extended period and is in the midst of standard removal proceedings," so that "§ 1226 governs Petitioner's custody, and under § 1226 he must be afforded a bond hearing." Filing 1 at 11 (¶¶ 80–81). He argues, "Petitioner's ongoing detention without bond consideration violates the INA on its face." Filing 1 at 12 (¶ 85). In Count II, he asserts a claim entitled "Violation of the Fifth Amendment (Due Process): Detention of Petitioner Without Any Bond Hearing or Opportunity to Be Heard Violates Due Process." Filing 1 at 12. The gravamen of this claim is that "by locking up Petitioner and refusing to afford him any meaningful process to challenge his confinement, Respondents have acted in a manner that shocks the conscience and offends the Fifth Amendment's guarantee of due process of law." Filing 1 at 14 (¶ 99).

Section 2243 of Title 28 of the United States Code sets out the applicable procedure for habeas corpus actions. It states in pertinent part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. Thus, under § 2243, a court presented with a § 2241 petition must either (1) "award the writ"; (2) issue an order to show cause why the writ should not be granted; or (3) deny the writ because the applicant is not entitled to it. *See, e.g.*, *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022) ("Under 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." (quoting 28 U.S.C. § 2243)). The Court concludes that Sharef-Mohamed is not entitled to immediate award of the writ. 28 U.S.C. § 2243 (first option). Nor is the Court required to "issue an order to show cause why the writ should not be granted," because "it appears from the application that [Sharef-Mohamed] is not entitled to [award of the writ]." 28 U.S.C. § 2243; *Crayton*, 27 F.4th at 656.

For the reasons set out in more detail in the Court's decisions in *Alberto Rodriguez*, 2025 WL 3754411, at *11–14, and *Meraz v. Bondi*, No. 8:26CV27, 2026 WL 472822, at *9–15 (D. Neb. Feb. 19, 2026), the Court denies Sharef-Mohamed's claim that he is detained without bond under the wrong statute, 8 U.S.C. § 1225(b)(2), instead of 8 U.S.C. § 1226, as set out in Count I of his Petition. As the Court explained in *Alberto Rodriguez* and *Meraz*, the Court concludes that § 1225(b)(2) and § 1226(a) overlap: "'[A]lien[s] present in the United States who ha[ve] not been admitted' defined in § 1225(a)(1), to whom § 1225(b)(2) applies, include—as a matter of plain language—the same group of aliens to whom the Supreme Court stated § 1226(a) applies, that is 'aliens already present in the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *12 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018)); *Meraz*, 2026 WL 472822, at *9. Like Alberto Rodriguez and Meraz, Sharef-Mohamed is properly detained under § 1225(b)(2) even if he is also subject to § 1226(a):

> Alberto Rodriguez is an "applicant for admission" as defined by § 1225(a) in that he is "[a]n alien present in the United States who has not been admitted." 8 U.S.C. § 1225(a) (defining "applicant for admission"). He is also an "applicant for admission" consistent with the conclusion of the BIA in *Hurtado* and the Supreme Court in *Jennings*. Just because Alberto Rodriguez illegally remained in this country for years does not mean that he is suddenly not an "applicant for admission" under § 1225(b)(2).

*Alberto Rodriguez*, 2025 WL 3754411, at *12; *see also Meraz*, 2026 WL 472822, at *11–15. The same is true of Sharef-Mohamed. The Supreme Court has explained that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Jennings*, 583 U.S. at 297. Moreover, the Fifth Circuit Court of Appeals embraced an essentially similar analysis of the issue in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). As Judge Jones explained in *Buenrostro-Mendez*, "It is true that § 1226 applies to aliens in the United States. That it does so, however, does not preclude § 1225 from also applying to such aliens. As the government acknowledges, the two provisions overlap." *Buenrostro-Mendez*, 2026 WL 323330, at *7. Thus,

3

Sharef-Mohamed is not entitled to relief on his claim that he is held under the wrong statute, and he is not entitled to a bond hearing.

For the reasons set out in more detail in this Court's decision in *Alberto Rodriguez*, 2025 WL 3754411, at \*14–17, the Court denies Sharef-Mohamed's claim of violation of his Fifth Amendment due process rights in Count II of his Petition. As this Court pointed out in *Alberto Rodriguez*,

> The Eighth Circuit Court of Appeals recently explained, "The rule has been clear for decades: "[d]etention during deportation proceedings [i]s ... constitutionally valid." *Banyee v. Garland*, 115 F.4th 928, 931 (8th Cir. 2024) (quoting *Demore v. Kim*, 538 U.S. 510, 523 (2003)). In both *Banyee* and *Demore*, the statute at issue was 8 U.S.C. § 1226(c), which requires mandatory detention. *Id.* (citing *Demore*, 538 U.S. at 514).

*Alberto Rodriguez*, 2025 WL 3754411, at \*15. For Sharef-Mohamed, like Alberto Rodriguez and the petitioner in *Banyee*, the deportation proceedings are still pending. *Id.* at \*16 (citing *Banyee*, 115 F.4th at 933). Although both Alberto Rodriguez's and Sharef-Mohamed's detention is pursuant to § 1225(b), that provision like § 1226(c) at issue in *Banyee* does not authorize a bond hearing. *Id.*; *see also Jennings*, 583 U.S. at 297 (explaining that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings"). Furthermore, the Supreme Court has already performed the due process balancing test for immigration cases and found that detention is reasonable in the context of determination of whether an alien should be removed. *Id.*; *Banyee*, 115 F.4th at 933 ("These cases leave no room for a multi-factor 'reasonableness' test. It is true, as Banyee has pointed out, that deciding what process is due ordinarily requires a form of interest balancing. But *Zadvydas* and *Demore* have already done whatever balancing is necessary." (internal quotation marks and citations omitted)). Thus, Sharef-Mohamed, like Alberto Rodriguez, is not entitled to relief on his Fifth Amendment claim. *Id.* at \*17.

Accordingly,

4

IT IS ORDERED that Petitioner Sharef-Mohamed's Petition for Writ of Habeas Corpus,

Filing 1, is denied.

Dated this 17th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge